UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES LOWERY                                        CIVIL ACTION

VERSUS                                                    NO. 21-1920

DEPUTY JUSTIN DOLES                          SECTION "R" (3)

## **ORDER**

On October 20, 2021, plaintiff James Lowery filed an excessive force

claim against Deputy Justin Doles under 42 U.S.C. § 1983.[1]  Thereafter, mail

sent to plaintiff at the St. Tammany Parish Jail, his address of record, was

returned as undeliverable.[2]  Local Rule 41.3.1 provides:

> The failure of an attorney or pro se litigant to notify the court of
> a current e-mail or postal address may be considered cause for
> dismissal for failure to prosecute when a notice is returned to the
> court because of an incorrect address and no correction is made
> to the address for a period of 35 days from the return.

Similarly, Local Rule 11.1 provides that pro se litigants have "a continuing

obligation promptly to notify the court of any address or telephone number

change."  Plaintiff never updated his address, nor has he filed anything on

---

[1]      R. Doc. 1.
[2]      R. Doc. 8.

the record in this case since he filed his complaint and motion for leave to proceed *in forma pauperis*.

Magistrate Judge Dana Douglas issued a Report and Recommendation (the "R&R") in which she recommended that the Court dismiss plaintiff's complaint without prejudice *sua sponte* for failure to prosecute on the grounds that plaintiff never corrected his address in violation of Local Rules 11.1 and 41.3.1.[3]  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or comply with any order of court. . . . [t]he court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant.").  In the R&R, the Magistrate Judge notes that plaintiff was aware of his obligation to update his address,[4] yet his whereabouts remain unknown.  Plaintiff has filed no objection to the R&R.

In the absence of objections, the Court reviews the R&R for clear error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely

---

[3]    *Id.*

[4]    Plaintiff's complaint included the following declaration: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed."  R. Doc. 8 at 1.

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court finds that there is no clear error.

The Court hereby approves the R&R and adopts it as its own opinion. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __28th__ day of October, 2022.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE